# CHARLESTON.

### BARTLETT *v.* LOUNDES.

\*(HOLT, JUDGE, absent.)

Submitted June 7, 1890.—Decided December 13, 1890.

1. DISTRESS—PRIORITY OF LIENS.

Where goods on leased premises liable for rent are levied upon for taxes against the lessor and sold therefor on the premises without removal, the lessee becoming the purchaser, and, he not paying the purchase-money, two other parties assume payment of it; and shortly after, while the property remains on the leased premises, the lessee executes to these two parties a deed of trust conveying such property to indemnify them against loss in case they should pay, the sheriff who sold the property still retaining possession after the execution of such deed of trust until actual payment to him, which payment is made by the parties who assumed it, and after such payment the trustee takes possession of the property, and a distress for rent is made on the property within thirty days after its removal from the premises; the distress for rent has preference over the deed of trust.

2. DISTRESS—CONFLICTING CLAIMS.

A proceeding under section 6, c. 107, Code 1887, to determine conflicting claims as to property distrained for rent between the landlord distraining and a person claiming the property or its proceeds, is a statutory proceeding solely to determine such conflicting claims; and there can not be rendered in such proceeding a judgment for money for the value of the property in favor of the landlord against the person making such adverse claim, though he has received the property or its proceeds.

*J. Bassell* for plaintiff in error.

No appearance for defendant in error.

---

\*Case submitted before Judge Holt's appointment.

BRANNON, JUDGE :

On November 19, 1886, Josiah W. Lynch leased to Peter L. Lynch a tract of land in Harrison county for two years. In the contract of lease the lessor sold to the lessee the personal property involved in this case, which was then on the leased land. At the date of the lease the lessor, Josiah W. Lynch, owed taxes for the years 1885 and 1886; the taxes for 1885 being three hundred and six dollars and twenty nine cents, of which one hundred and eighty nine dollars and fifty four cents was on the land leased, and for 1886 the taxes being three hundred and twelve dollars and thirty two cents, of which one hundred and eighty nine dollars and nineteen cents was on said land. After the date of the lease the sheriff of Harrison levied on said property for said taxes, and on January 22, 1887, he sold it, by consent of the lessee, on the said leased land, where it still remained, and said lessee, Peter L. Lynch, became the purchaser, but he did not then pay the sheriff the purchase-money, and R. T. Loundes and Peter I. Lynch assumed its payment; and on January 24, 1887, said lessee, Peter L. Lynch, made a deed of trust to John Bassell, as trustee, to indemnify R. T. Loundes and Peter I. Lynch against loss by reason of their *assumpsit* of said purchase-money on such sale, and other debts they assumed, in the event they should be compelled to pay the same. Loundes paid the sheriff for Peter L. Lynch this money, called in the bill of exceptions "taxes," but just when does not appear. The sheriff held the property in his possession on the leased premises under his tax-levy until he was so paid. The deed of trust was admitted to record April 9, 1887. John Bassell, trustee, took possession of the property under the deed of trust about September 27, 1877. On October 2, 1887, Mary Jane Bartlett, being the assignee of Josiah W. Lynch of one year's rent due from Peter L. Lynch, amounting to seven hundred dollars principal, immediately after it fell due sued out a distress-warrant therefor, and caused it to be levied on October 4, 1887, on said personal property, being then in the possession of Loundes and Lynch, and, after the levy, sold by Bassell, trustee, but having been removed from the leased premises less than thirty days prior to the

levy of the distress-warrant. Said Bartlett gave an indem-
nifying bond to further the sale, and Loundes and Lynch
gave a forthcoming bond and a suspending bond. On the
motion of said Bartlett, the Circuit Court of Harrison
county made an order, in view of such conflicting claims,
that an issue be tried at its bar to ascertain and determine
whether, at the time of the levy of the distress-warrant on
said property, it was the property of R. T. Loundes and
Peter I. Lynch; and, a jury having been waived, the court
heard the evidence, and on January 18, 1889, decided that,
at the time of the levy of the distress-warrant, said prop-
erty was not the property of Loundes and Lynch, but the
property of.the lessee, Peter L. Lynch; and it being agreed
that, after the levy of the distress-warrant, the property
was sold by John Bassell, trustee, under said trust-deed,
and the proceeds of sale, amounting to two hundred and
forty seven dollars and twenty five cents, were paid to the
*cestui que trust* under the deed of trust, the court rendered
judgment against Loundes and Lynch in favor of said
Bartlett for two hundred and sixty five dollars and forty
four cents, with interest and costs; and to that judgment
said Loundes and Lynch obtained a writ of error and *su-
persedeas*.

The position of the parties to this litigation may be thus
stated: Mrs. Bartlett claims that the property, being on
the leased premises, became subject to the lien for her rent
from the date of the lease, and that no lien by deed of trust
created afterwards during the lease could affect that lien,
by reason of section 11, c. 93, Code 1887, providing that
the distress may be levied on any goods of the lessee found
on the premises, or removed therefrom not more than thirty
days, and providing, further, that, "if any lien be created
thereon while they are on the leased premises, they shall
be liable to distress, but not for more than one's year's rent,
whether it shall have accrued before or after the creation
of the lien." Loundes and Lynch claim that the case falls
under the second clause of section 11, reading: "If the
goods of such lessee, assignee, or under-tenant, when car-
ried on the premises, are subject to a lien which is valid
against his creditors, his interest only in such goods shall

be liable to distress;" and in connection with this, under the last clause of section 12 of chapter 93, reading: "Neither this nor the preceding section shall affect any lien for taxes, levies, or militia fines;" that, as against a tax-lien, there is no obligation to pay one year's rent; and that the sheriff's levy and possession, though he left the property on the premises, worked, in law, a removal from the premises; and, the deed of trust having been given before the sheriff surrendered possession to the lessee under his purchase at the tax-sale, is to be held as a lien against the property when carried on the premises, and preferred to the rent.

It is undeniable that the taxes had preference over the rent, and that had the appellants Loundes and Lynch, or any one other than Peter L. Lynch, purchased at the tax-sale, they would have taken title free of the rent. But the purchaser was Peter L. Lynch, the lessee, who owed the rent. Could he say to his rent creditor that the property was in his hands absolved from the rent because of the sale for taxes? Surely he could not. Add to this that the property never was for one moment off the leased premises until Bassell took possession, long after its sale, if its presence on said premises is a decisively controlling fact. When the lessee, Lynch, bought the property at the sale for taxes, as he owed the rent, he simply extinguished the taxes as to the rent, and left the lien for rent no longer subject to them. Was it not still subject to levy for rent? Was there ever a moment from the birth of the rent-lien when it did not bind the property for a time subject to, but after the sale free from, the taxes? On the day when the lease was made, the lien for rent attached to the property. What ever removed it from the property? Not actual removal from the premises, for it had not been removed thirty days before distress was made upon it for the rent. The sale was on January 22, 1887, on the leased premises. Two days later, the lessees executed to Loundes and Lynch the deed of trust conferring their right; the property, all the while, being on the premises. The landlord's lien was not dead, but still adhered to the property; and, when the deed of trust was made, it was subject to the lien for rent. Had it been sold to a stranger, could not the lessor have claimed any

surplus in the sheriff's hands under a levied distress-warrant? Would not a court direct the officer to pay it? The closing clause of section 12 does not destroy the lien for rent, but only says it shall not " affect any lien for taxes;" that is, it only subordinates the rent to the taxes. It matters not that the sheriff still held possession of the property after its sale until he received the money for which the lessee bought it; and that while he so held possession, and before payment, Lynch made the deed of trust. For he was the purchaser, his title to become perfect, as between him and the sheriff, on payment; and on such payment the purchaser's title dated back from the sale, if he did get title then, and was not in as of his original title. Whether he was invested as of his old title, or under sheriff's sale, it is the same to the landlord. If he·had no title when he made the deed of trust because of sheriff's possession, how, then, did he confer title on the trustee?

I look upon the transaction of the execution of the trust-deed as a loan by Loundes and Lynch to the lessee, made after his purchase at the tax-sale, while the property was on the land, and then for the first time in existence, and subordinate to the lien for rent, which lien for rent dated from the lease, never ceased a moment, and was consummated by the levy of the distress warrant after the tax-sale. The statute gives the landlord security by lien for one year's rent against debts of the tenant after accruing, and a right to enforce it by distress while the goods are on the premises, or elsewhere within thirty days after removal. This property was levied upon for the rent within such thirty days, while it was in the hand of Loundes and Lynch. The possession of the sheriff had ceased. The goods were in no sense in custody of the law, if that would prevent the levy which consummated the lien. The sheriff's special property and his possession, following as a matter of law upon his levy for taxes, had ceased when the distress for rent was made. So also had then ceased that possession which after sale he retained until payment, and the lessee's right became unqualified on such payment; for, when the levy was made, Loundes and Lynch had possession.

What prevented the levy of the distress for rent or its

effect? The theory in behalf of Loundes and Lynch is that the levy for taxes, and sale therefor by the sheriff, though on the premises, and though the goods were never moved from the premises until long after the sale, is tantamount to a removal, and is just the same as if the sheriff had taken the goods to the court-house, and there sold them to the lessee, and, while off the leased premises, he had executed the deed of trust to Bassell, and then taken the property back upon the leased premises, and that the property would not then be liable for the rent, because it could then be said that the property when carried on the premises was already subject to the lien of the deed of trust. But, under the facts as they are, there was no actual removal of the property from the premises by the sheriff, and therefore there was no carrying of the property on the premises after the sale, no second carrying of it on the premises, to enable us to say that when carried on the premises the property was subject to this deed of trust. Under the facts of the case as it is, I would say that the carrying of the property on the premises, within the meaning of section 11, is the original carrying of it on the premises, which was at once followed by the attaching of the landlord's lien; or rather, in this case, as the property was on the land at the date of lease, November 19, 1886, it is its presence there on that day which we are to deem its "carrying on the premises," in the eye of that section. I can not see the force, in this connection, of the fact emphasized by counsel that the sheriff held possession after sale, not only till Loundes and Lynch assumed payment, but till they paid the sheriff for the lessee, Lynch. They did not get the benefit of the taxes by subrogation or otherwise. They paid no taxes, though so called, for the lessee did not owe them; but they were against his lessor, Josiah W. Lynch. They simply paid a debt which Peter L. Lynch, the lessee, owed the sheriff for purchase-money for the property, which, with other debts of his, they assumed to pay. Therefore I think this deed of trust is not a paramount right to the rent, but subordinate thereto.

Counsel for appellants assimilates the case as it is to what it would be had the goods been sold at the court-house to

the lessee, the deed of trust then executed by him, and then he would restore them to the premises, and says that in such case it is certain the deed of trust would take precedence of the rent. It may be; but even then it might be said with force that as the rent had attached at the date of the lease, and the lessee owing the rent was the purchaser, it was not the return of the goods to the leased premises after the sale, but the original presence there at the date of the lease, which would be the carrying of the goods on to the premises within the meaning of the eleventh section. I am not called on to decide as to this. Judge CHRISTIAN says, in *City of Richmond* v. *Duesberry*, 27 Gratt. 213, of the sections in the Virginia Code like ours : "From these sections, it is plain that the intention of the legislature was to secure one year's rent to the landlord against all liens created by the tenant after the lease has commenced. The landlord is protected by statute against all deeds of trust, mortgages, and other liens, where the lien has been created after the commencement of the tenancy, upon goods on the leased premises which belong to a person liable for rent, and where there is an existing liability for rent in arrear or to become due at the time the lien is created." The tenancy and lien in this case antedated the date of appellant's deed of trust; and it seems to me that it would be giving a forced construction to the statute, which ought to be construed favorably to the landlord so as to give him his just debt, which would end in defeating him.

But we see no warrant for the judgment for money rendered against Loundes and Lynch. This is a proceeding based only on the statute (Code, c. 107, s. 6) and not a common-law action, for the purpose of trying a conflicting claim to property levied upon under process, and impeding its execution, in order to remove such claim from the way of such process, and, that done, the mission of the proceeding is ended. If the property is in the officer's hands after the decision, he sells under his process. If a forthcoming bond has been given, he sells, if the property be forthcoming at the time he appoints, and, if not so forthcoming, the bond is forfeited, and relief is had as usual under forthcoming bonds. If a suspending bond has

been given, any damages caused by suspension of sale to await the decision may be recovered under it.    The statute does not contemplate a judgment for the value of the property in this proceeding by way of anticipation of such other proceedings.    Any defences they might have in proceedings thereafter could not be had in this case.    As the money judgment is reversed, it is useless to refer to the point that it should not have been against both Loundes and Lynch.

So we concur with the Circuit Court in holding that Mrs. Bartlett's rent has preference over the deed of trust, but do not concur in its rendering a judgment for money against Loundes and Lynch.    It is therefore by this Court considered that the order and judgment of the Circuit Court of Harrison county in this proceeding, made and rendered on the 18th day of January, 1889, be reversed, with costs in this Court to appellants ; and this Court, proceeding to render such judgment as the Circuit Court should have rendered, doth find and consider that the said property at the time of the levy upon it of the warrant of distress for rent in the record mentioned was not the property of R. T. Loundes and Peter I. Lynch, as against said warrant of distress, and that said property was liable thereto ; and that Mary Jane Bartlett recover of said R. T. Loundes and Peter I. Lynch her costs about her suit in the Circuit Court of Harrison county expended.

Reversed.